# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| GEORGIA REPUBLICAN PARTY, INC., NATIONAL REPUBLICAN SENATORIAL COMMITTEE, PERDUE FOR SENATE, and GEORGIANS FOR KELLY LOEFFLER,<br><br>      Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as the Secretary of State of Georgia, REBECCA N. SULLIVAN, in her official capacity as the Vice Chair of the State Election Board, DAVID J WORLEY, MATTHEW MASHBURN, and ANH LE, in their official capacity as Members of the State Election Board,<br><br>      Defendants. | Case No. 1:20-cv-05018-ELR |

## MOTION TO INTERVENE AND INCORPORATED BRIEF IN SUPPORT

COME NOW DEMOCRATIC PARTY OF GEORGIA ("DPG") and DSCC (together, "Proposed Intervenors"), by and through their undersigned counsel of record, and file this *Motion to Intervene and Incorporated Brief in Support* in the above-referenced matter. Intervention is appropriate under Federal Rule of Civil Procedure 24(a) and (b) for the following reasons.

# I.    INTRODUCTION

Recognizing Georgians' increased reliance on absentee voting during both the November 3, 2020 general election and the State's January 5, 2021 runoff, Defendants Brad Raffensperger, the Secretary of State of Georgia (the "Secretary"), Rebecca N. Sullivan, David J. Worley, Matthew Mashburn, and Anh Lee—the members of the State Election Board—lawfully enacted rules to ensure that absentee ballots are properly counted. Plaintiffs now challenge these reasonable, commonsense measures, alleging a slew of legally unfounded claims to undo Defendants' efforts to help Georgians vote. In so doing, Plaintiffs pose a clear and direct threat to Proposed Intervenors' rights and legal interests.

For the reasons set forth below, Proposed Intervenors are entitled to intervene in this case as a matter of right under Rule 24(a)(2). Such intervention is needed to protect their substantial and distinct legal interests, which otherwise will be inadequately represented in this litigation. In the alternative, Proposed Intervenors request permissive intervention pursuant to Rule 24(b). In accordance with Rule 24(c), a proposed answer is attached as Exhibit 1.

# II.    BACKGROUND

Plaintiffs filed their complaint on December 10, 2020, challenging steps taken by Georgia election officials to ensure that absentee ballots are not wrongfully

rejected due to purported signature mismatches—in particular, rules requiring "that a ballot may not be rejected for a signature mismatch unless (i) it is reviewed by three County Officials, and (ii) at least two of those County Officials agree that the signature on the absentee ballot envelope does not match the absentee voter's signatures on file." Verified Compl. ("Compl."), ECF No. 1, ¶ 52. Plaintiffs assert that the allegedly insufficient signature verification process engendered by these rules violates the First and Fourteenth Amendments to the U.S. Constitution. *See id.* ¶¶ 77–107.

DPG is the Democratic Party's official state party committee in Georgia, and its mission is to elect Democratic Party candidates to offices across the state, up and down the ballot. DSCC is the national senatorial committee of the Democratic Party as defined by 52 U.S.C. § 30101(14). Its mission is to elect candidates of the Democratic Party to the U.S. Senate, including in Georgia, and it works to accomplish its mission by making expenditures for and contributions to Democratic candidates for U.S. Senate and assisting state parties throughout the country. Both seek intervention on their own behalf and on behalf of their members, candidates, and voters.

## III.   ARGUMENT

**A.    This Court should grant the motion to intervene as of right.**

Proposed Intervenors qualify for intervention as of right under Rule 24(a)(2), which should be granted where (1) the motion to intervene is timely, (2) the proposed intervenor "has an interest in the subject matter of the suit," (3) "its ability to protect that interest may be impaired by the disposition of the suit," and (4) the "existing parties in the suit cannot adequately protect that interest." *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1250 (11th Cir. 2002). Proposed Intervenors satisfy each of these requirements.

### 1.    The motion to intervene is timely.

This motion to intervene is timely. In analyzing this factor, the Court considers

> the length of time during which the [proposed intervenors] knew or reasonably should have known of their interest in the case before moving to intervene, the extent of prejudice to the existing parties as a result of the [proposed intervenors'] failure to move for intervention as soon as they knew or reasonably should have known of their interest, the extent of prejudice to the [proposed intervenors] if their motion is denied, and the existence of unusual circumstances militating either for or against a determination that their motion was timely.

*Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). "The requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of

justice." *Id.* (quoting *McDonald v. E. J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)).

Here, Proposed Intervenors seek intervention at the earliest possible stage of this action, and their intervention will neither delay the resolution of this matter nor prejudice any party. Plaintiffs filed their complaint on December 10; this motion to intervene follows just one day later. Although Plaintiffs have filed an emergency motion for temporary restraining order and preliminary injunction, *see* ECF No. 2, no response to that motion has yet been filed, and Proposed Intervenors will proceed in accordance with the schedule ordered by this Court today. *See* ECF No. 11. Accordingly, no party can legitimately claim that intervention by Proposed Intervenors would cause any prejudicial delay, whereas Proposed Intervenors would suffer prejudice if this motion is denied because they will be unable to protect their own, their members', and their candidates' interests. Under these circumstances, the motion is timely.

## 2.  Proposed Intervenors have significant and protectable interests in this action that might be impaired by disposition of this action.

Proposed Intervenors have significant and cognizable interests in intervening in this case to ensure that eligible Democratic voters have every opportunity to cast ballots in next month's runoff election and to defend their organizational interests— particularly since this action is yet another ancillary attack on a March 6, 2020

settlement agreement Proposed Intervenors entered into with the Secretary and State Election Board regarding signature matching. *See* Compl. ¶¶ 50–52; *see also* Joint Notice of Settlement as to State Defs., *Democratic Party of Ga., Inc. v. Raffensperger*, No. 1:19-cv-5028-WMR (N.D. Ga. Mar. 6, 2020), ECF No. 56. When considering the interests needed for intervention, the Court's inquiry is "a flexible one, which focuses on the particular facts and circumstances surrounding" the motion. *Chiles*, 865 F.2d at 1214 (quoting *United States v. Perry Cnty. Bd. of Educ.*, 567 F.2d 277, 279 (5th Cir. 1978)); *see also U.S. Army Corps of Eng'rs*, 302 F.3d at 1251 ("To determine whether [the proposed intervenor] possesses the requisite interest for intervention purposes, we look to the subject matter of the litigation.").

First, as noted above, this is yet another attempt by third parties—after two previous efforts failed—to challenge the settlement agreement that Proposed Intervenors (among others) entered into with the Secretary regarding signature matching. *See* Compl. for Declaratory, Emergency, & Permanent Injunctive Relief, *Pearson v. Kemp*, No. 1:20-cv-04809-TCB (N.D. Ga. Nov. 25, 2020), ECF No. 1 (challenging settlement agreement and resulting cure process under Electors, Elections, Equal Protection, and Due Process Clauses); Verified Compl. for Declaratory & Injunctive Relief, *Wood v. Raffensperger*, No. 1:20-cv-04651-SDG

(N.D. Ga. Nov. 13, 2020), ECF No. 1 (same). Courts in this district have twice found that Proposed Intervenors' interest in protecting that settlement agreement provides sufficient interest to justify intervention. *See Pearson v. Kemp*, No. 1:20-cv-04809-TCB, slip op. at 1–2 (N.D. Ga. Nov. 25, 2020), ECF No. 42; *Wood v. Raffensperger*, No. 1:20-cv-04651-SDG, slip op. at 2 (N.D. Ga. Nov. 19, 2020), ECF No. 52. This Court should follow suit.

Next, if Plaintiffs succeed and Defendants' efforts to ensure proper counting of absentee ballots are thwarted, then Proposed Intervenors—both of which are organizations dedicated to promoting the franchise and supporting the election of Democratic Party candidates—will suffer direct injury because fewer Democratic voters, including Proposed Intervenors' members and constituents, will have an opportunity to vote and have their votes counted. The result will be far less robust turnout among Democratic supporters. Courts have routinely concluded that such interference with a political party's electoral prospects constitutes a direct injury that satisfies Article III standing, which goes beyond the requirement needed for intervention under Rule 24(a)(2) in this case. *See, e.g.*, *Tex. Democratic Party v. Benkiser*, 459 F.3d 582, 586–87 (5th Cir. 2006) (recognizing that "harm to [] election prospects" constitutes "a concrete and particularized injury"); *Owen v. Mulligan*, 640 F.2d 1130, 1132 (9th Cir. 1981) (holding that "the potential loss of an election"

is sufficient injury to confer Article III standing); *cf. Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017) (noting that an intervenor by right only needs "Article III standing in order to pursue relief that is different from that which is sought by a party with standing"). Indeed, other state and national party organizations have intervened in several voting cases this year on this very theory. *See, e.g.*, *Issa v. Newsom*, No. 2:20-cv-01044-MCE-CKD, 2020 WL 3074351, at *3 (E.D. Cal. June 10, 2020) (granting intervention as of right to national party committee and state party where "Plaintiffs' success on their claims would disrupt the organizational intervenors' efforts to promote the franchise and ensure the election of Democratic Party candidates" (quoting *Paher v. Cegavske*, No. 3:20-cv-00243-MMD-WGC, 2020 WL 2042365, at *2 (D. Nev. Apr. 28, 2020))); *see also Democratic Party of Ga., Inc. v. Crittenden*, No. 1:18-CV-5181-SCJ, slip op. at 2 (N.D. Ga. Nov. 14, 2018), ECF No. 40 (granting intervention to political party in voting rights lawsuit).

Moreover, the disruptive effects of Plaintiffs' action would require Proposed Intervenors to divert resources to address restricted voting opportunities—another legally protected interest that is implicated by Plaintiffs' claims. *See, e.g.*, *Ne. Ohio Coal. for Homeless v. Husted*, 837 F.3d 612, 624 (6th Cir. 2016) (finding concrete, particularized harm where organization had to "redirect its focus" and divert its

"limited resources" due to election laws); *Crawford v. Marion Cnty. Election Bd.*, 472 F.3d 949, 951 (7th Cir. 2007) (concluding that electoral change "injure[d] the Democratic Party by compelling the party to devote resources" that it would not have needed to devote absent new law), *aff'd*, 553 U.S. 181 (2008); *Democratic Nat'l Comm. v. Reagan*, 329 F. Supp. 3d 824, 841 (D. Ariz. 2018) (finding standing where law "require[d] Democratic organizations . . . to retool their [get-out-the-vote] strategies and divert [] resources"), *rev'd on other grounds sub nom. Democratic Nat'l Comm. v. Hobbs*, 948 F.3d 989 (9th Cir. 2020) (en banc); *Democratic Party of Ga., Inc. v. Crittenden*, 347 F. Supp. 3d 1324, 1337 (N.D. Ga. 2018) (finding standing where "Plaintiffs provide declaration evidence that they will be required to divert resources from existing uses to address both [voting] issues"); *see also Issa*, 2020 WL 3074351, at *3 (granting intervention and citing this protected interest).

Lastly, Proposed Intervenors have a legally cognizable interest in ensuring that Plaintiffs' action does not serve to disenfranchise their members in Georgia. *See, e.g.*, *Ne. Ohio Coal. for Homeless v. Husted*, 696 F.3d 580, 585 (6th Cir. 2012) (per curiam) (Ohio Democratic Party permitted intervention in case where challenged practice would lead to disenfranchisement of its voters); *see also Crawford*, 553 U.S. at 189 n.7 (agreeing with unanimous view of Seventh Circuit that Indiana Democratic Party had standing to challenge voter identification law that

risked disenfranchising its members); *Democratic Party of Ga.*, 347 F. Supp. 3d at 1337 (finding that DPG had standing to sue on behalf of its members to challenge State's rejection of absentee ballots); *Fla. Democratic Party v. Hood*, 342 F. Supp. 2d 1073, 1079 (N.D. Fla. 2004) (finding that Florida Democratic Party "has standing to assert, at least, the rights of its members who will vote in the November 2004 election"). Accordingly, Proposed Intervenors satisfy the second and third requirements of Rule 24(a)(2).

### 3. Proposed Intervenors' interests may not be adequately represented by the existing parties.

Finally, neither Plaintiffs nor Defendants adequately represent Proposed Intervenors' interests. This requirement "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Clark v. Putnam County*, 168 F.3d 458, 461 (11th Cir.1999) (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n. 10 (1972)); *see also Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993) ("Any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action."). Moreover, where one of the original parties to the suit is a government entity whose "views are necessarily colored by its view of the public welfare rather

– 10 –

than the more parochial views of a proposed intervenor whose interest is personal to it," courts have found that "the burden [of establishing inadequacy of representation] is comparatively light." *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998) (citing *Conservation Law Found. of New Eng., Inc. v. Mosbacher*, 966 F.2d 39, 44 (1st Cir. 1992); *Mausolf v. Babbitt*, 85 F.3d 1295, 1303 (8th Cir. 1996)).

Here, while Defendants have an interest in defending their actions as state and local officials, Proposed Intervenors have a different objective: ensuring that every Democratic voter in Georgia has a meaningful opportunity to cast a ballot in the runoff election and have that ballot counted. Courts have "often concluded that governmental entities do not adequately represent the interests of aspiring intervenors." *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003); *accord Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 899 (9th Cir. 2011) ("[T]he government's representation of the public interest may not be 'identical to the individual parochial interest' of a particular group just because 'both entities occupy the same posture in the litigation.'" (quoting *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 996 (10th Cir. 2009))). That is the case here. Proposed Intervenors have specific interests and concerns—from their overall electoral prospects to the most efficient use of their limited resources—that neither Defendants nor any other parties in this lawsuit share. *See Paher*, 2020 WL 2042365,

at *3 (granting intervention as of right where proposed intervenors "may present arguments about the need to safeguard [the] right to vote that are distinct from [state defendants'] arguments"). As one court recently explained under similar circumstances,

> While Defendants' arguments turn on their inherent authority as state executives and their responsibility to properly administer election laws, the Proposed Intervenors [including national party committee and state party] are concerned with ensuring their party members and the voters they represent have the opportunity to vote in the upcoming federal election, advancing their overall electoral prospects, and allocating their limited resources to inform voters about the election procedures. As a result, the parties' interests are neither "identical" nor "the same."

*Issa*, 2020 WL 3074351, at *3 (citation omitted). Because Proposed Intervenors' particular interests are not shared by the present parties in this litigation, they cannot rely on Defendants or anyone else to provide adequate representation. They have thus satisfied the four requirements for intervention as of right under Rule 24(a)(2). *See id.* at *3–4; *Paher*, 2020 WL 2042365, at *3.

## B. Proposed Intervenors are also entitled to permissive intervention.

Even if Proposed Intervenors were not entitled to intervene as of right, permissive intervention is warranted under Rule 24(b). "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1); *see also Ga. Aquarium, Inc. v. Pritzker*, 309 F.R.D. 680, 690 (N.D. Ga. 2014) ("[T]he claim

or defense clause of Rule 24(b)(2) is generally given a liberal construction."). The court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Proposed Intervenors easily satisfy these requirements. Their motion is timely and intervention will not unduly delay or prejudice the adjudication of the original parties' rights. *See* Part III.A.1 *supra*. Moreover, Proposed Intervenors will raise common questions of law and fact in opposing Plaintiffs' suit, including whether the equitable doctrine of laches bars their claims. *See* Ex. 1. Proposed Intervenors are prepared to proceed in accordance with the schedule ordered by this Court, and their intervention will serve to contribute to the complete development of the factual and legal issues before the Court. *See Donald J. Trump for President, Inc. v. Boockvar*, No. 4:20-CV-02078, slip op. at 2 (M.D. Pa. Nov. 12, 2020), ECF No. 72 (finding that national party committee "readily . . . satisf[ies] the requirements for permissive intervention under Fed. R. Civ. P. 24(b)").

## IV.   CONCLUSION

For the foregoing reasons, Proposed Intervenors respectfully ask this Court to grant their motion to intervene.

Dated: December 11, 2020          Respectfully submitted,

**<u>Adam M. Sparks</u>**
Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Joyce Gist Lewis
Georgia Bar No. 296261
Susan P. Coppedge
Georgia Bar No. 187251
Adam M. Sparks
Georgia Bar No. 341578
KREVOLIN & HORST, LLC
1201 W. Peachtree Street, NW
Suite 3250, One Atlantic Center
Atlanta, GA 30309
Telephone: (404) 888-9700
Facsimile: (404) 888-9577
hknapp@khlawfirm.com
jlewis@khlawfirm.com
coppedge@khlawfirm.com
sparks@khlawfirm.com

Marc E. Elias*
Amanda R. Callais*
John M. Geise*
Henry J. Brewster*
PERKINS COIE LLP
700 Thirteenth Street NW, Suite 800
Washington, D.C. 20005
Telephone: (202) 654-6200
melias@perkinscoie.com
acallais@perkinscoie.com
jgeise@perkinscoie.com
hbrewster@perkinscoie.com

Laura Hill*
Jonathan P. Hawley*

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Telephone: (206) 359-8000
lhill@perkinscoie.com
jhawley@perkinscoie.com

*Counsel for Proposed Intervenor-
Defendants*
 *\*Pro Hac Vice Application Forthcoming*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| GEORGIA REPUBLICAN PARTY, INC., NATIONAL REPUBLICAN SENATORIAL COMMITTEE, PERDUE FOR SENATE, and GEORGIANS FOR KELLY LOEFFLER,<br><br>          Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as the Secretary of State of Georgia, REBECCA N. SULLIVAN, in her official capacity as the Vice Chair of the State Election Board, DAVID J WORLEY, MATTHEW MASHBURN, and ANH LE, in their official capacity as Members of the State Election Board,<br><br>          Defendants. | Case No. 1:20-cv-05018-ELR |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of L.R. 5.1, using font type of Times New Roman and a point size of 14.

Dated: December 11, 2020.

**Adam M. Sparks**
*Counsel for Proposed Intervenor-Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| GEORGIA REPUBLICAN PARTY, INC., NATIONAL REPUBLICAN SENATORIAL COMMITTEE, PERDUE FOR SENATE, and GEORGIANS FOR KELLY LOEFFLER,<br><br>      Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as the Secretary of State of Georgia, REBECCA N. SULLIVAN, in her official capacity as the Vice Chair of the State Election Board, DAVID J WORLEY, MATTHEW MASHBURN, and ANH LE, in their official capacity as Members of the State Election Board,<br><br>      Defendants. | Case No. 1:20-cv-05018-ELR |

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2020, I electronically filed this document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

Dated: December 11, 2020

**Adam M. Sparks**
*Counsel for Proposed Intervenor-Defendants*