# EXHIBIT  1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GEORGIA REPUBLICAN PARTY, INC. NATIONAL REPUBLICAN SENATORIAL COMMITTEE, PERDUE FOR SENATE, and GEORGIANS FOR KELLY LOEFFLER,<br><br>    Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State of Georgia; REBECCA N. SULLIVAN, in her official capacity as Vice Chair of the State Election Board, DAVID J. WORLEY, MATTHEW MASHBURN, and ANH LEE, in their official capacity as Members of the State Election Board,<br><br>    Defendants. | Civil Action No. 1:20-cv-5018-ELR |

## PROPOSED INTERVENOR-DEFENDANTS' PROPOSED ANSWER TO PLAINTIFFS' VERIFIED COMPLAINT

Proposed Intervenor-Defendants Democratic Party of Georgia and DSCC ("Proposed Intervenors"), by and through their attorneys, answer Plaintiffs' verified complaint as set forth below. Unless expressly admitted, each allegation in the complaint is denied, and Proposed Intervenors demand strict proof thereof.

## NATURE OF THE CASE

1.      Paragraph 1 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

2.      Paragraph 2 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

3.      Paragraph 3 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

4.      Paragraph 4 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

5.      Paragraph 5 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

6.      Paragraph 6 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

7. Paragraph 7 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

## BACKGROUND

8. Proposed Intervenors admit Paragraph 8.

9. Proposed Intervenors admit that slightly more than 1.3 million absentee ballots were cast in the 2020 presidential election. Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of Plaintiffs' complaint.

10. Paragraph 10 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

11. Paragraph 11 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

12. Proposed Intervenors admit that ballot processing will begin on December 21, 2020, 15 days before the runoff election. The remainder of Paragraph 12 contains mere characterizations and opinions to which no response is required.

13.     Paragraph 13 of Plaintiffs' complaint contains mere characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

14.     Paragraph 14 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. Proposed Intervenors further deny that Plaintiffs are entitled to any of the relief they seek.

## PARTIES

15.     Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiffs' complaint.

16.     Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiffs' complaint.

17.     Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of Plaintiffs' complaint.

18.     Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of Plaintiffs' complaint.

19.     Proposed Intervenors admit that Brad Raffensperger is the Secretary of State of Georgia. Paragraph 19 of Plaintiffs' complaint otherwise contains mere

characterizations, legal contentions, conclusions, and opinions to which no response is required.

20.    Paragraph 20 of Plaintiffs' complaint contains mere legal conclusions to which no response is required.

21.    Proposed Intervenors admit the allegations in Paragraph 21.

22.    Paragraph 22 of Plaintiffs' complaint contains mere characterizations, conclusions, and opinions to which no response is required.

23.    Proposed Intervenors admit that Plaintiffs in this lawsuit have listed Defendants as being sued in their official capacities seeking declaratory and injunctive relief.

## JURISDICTION AND VENUE

24.    Paragraph 24 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

25.    Paragraph 25 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

26.    Paragraph 26 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

27.     Paragraph 27 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

28.     Paragraph 28 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

29.     Paragraph 29 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

30.     Paragraph 30 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

31.     Proposed Intervenors admit the allegations in Paragraph 31.

32.     Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of Plaintiffs' complaint.

33.     Paragraph 33 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

34.     Paragraph 34 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

35.     Paragraph 35 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

36.     Paragraph 36 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. Proposed Intervenors further deny that Plaintiffs are entitled to any of the relief they seek.

## FACTUAL ALLEGATIONS

37.     Proposed Intervenors admit the allegations in Paragraph 37.

38.     Proposed Intervenors admit the allegations in Paragraph 38.

39.     Proposed Intervenors admit the allegations in Paragraph 39.

40.     Proposed Intervenors admit that the runoff election will take place on January 5, 2021. Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 40 of Plaintiffs' complaint.

41.     Proposed Intervenors admit the allegations in Paragraph 41.

42.     Proposed Intervenors admit the allegations in Paragraph 42.

43.     Paragraph 43 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

44.     Paragraph 44 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

45.     Paragraph 45 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

46.     Paragraph 46 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

47.     Paragraph 47 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

48.     Paragraph 48 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

49.     Paragraph 49 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

50.     Paragraph 50 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

51.     Paragraph 51 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

52.     Paragraph 52 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

53.     Paragraph 53 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

54.     Paragraph 54 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

55.     Paragraph 55 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

56.     Proposed Intervenors deny the allegations in Paragraph 56 of Plaintiffs' complaint.

57.     Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of Plaintiffs' complaint and therefore deny the same.

58.     Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of Plaintiffs' complaint and therefore deny the same.

59.     Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of Plaintiffs' complaint and therefore deny the same.

60.     Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 60 of Plaintiffs' complaint and therefore deny the same.

61.     Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 61 of Plaintiffs' complaint and therefore deny the same.

62.     Proposed Intervenors admit that Nevada's rate of signature match rejection in the 2020 general election was 0.42%. Proposed Intervenors lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the remainder of Paragraph 62 of Plaintiffs' complaint and therefore deny the same.

63.    Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 63 of Plaintiffs' complaint and therefore deny the same.

64.    Paragraph 64 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

65.    Paragraph 65 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

66.    Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 66 of Plaintiffs' complaint and therefore deny the same.

67.    Paragraph 67 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

68.     Paragraph 68 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

69.     Paragraph 69 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

70.     Proposed Intervenors admit that ballot processing for the January runoff will begin on December 21. The remainder of Paragraph 70 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

71.     Paragraph 71 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same. Proposed Intervenors further deny that Plaintiffs are entitled to any of the relief they seek.

72.     Paragraph 72 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same. Proposed Intervenors further deny that Plaintiffs are entitled to any of the relief they seek.

73.     Paragraph 73 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same. Proposed Intervenors further deny that Plaintiffs are entitled to any of the relief they seek.

74.     Paragraph 74 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same. Proposed Intervenors further deny that Plaintiffs are entitled to any of the relief they seek.

75.     Paragraph 75 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same. Proposed Intervenors further deny that Plaintiffs are entitled to any of the relief they seek.

76.     Paragraph 76 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

## FIRST CLAIM FOR RELIEF

77.     Proposed Intervenors incorporate by reference all other responses in this Proposed Answer as through set forth fully herein.

78.     Paragraph 78 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

79.     Paragraph 79 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

80.     Paragraph 80 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

81.     Paragraph 81 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

82.     Paragraph 82 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

83.     Paragraph 83 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

84.     Paragraph 84 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

85.     Paragraph 85 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

86.     Paragraph 86 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

87.     Paragraph 87 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

88.     Paragraph 88 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

89.     Paragraph 89 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

## SECOND CLAIM FOR RELIEF

90.     Proposed Intervenors incorporate by reference all other responses in this Proposed Answer as through set forth fully herein.

91.     Proposed Intervenors admit that the Plaintiffs have correctly quoted the Fourteenth Amendment in Paragraph 91.

92.     Paragraph 92 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

93.     Paragraph 93 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

94.     Paragraph 94 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

95.     Paragraph 95 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

96.     Paragraph 96 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

97.     Paragraph 97 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To

the extent a response is required, Proposed Intervenors deny the same. Proposed Intervenors further deny that Plaintiffs are entitled to any of the relief they seek.

98.    Paragraph 98 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

## THIRD CLAIM FOR RELIEF

99.    Proposed Intervenors incorporate by reference all other responses in this Proposed Answer as through set forth fully herein.

100.   Paragraph 100 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

101.   Paragraph 101 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

102.   Paragraph 102 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

103.   Paragraph 103 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

104.   Paragraph 104 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

105.   Paragraph 105 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

106.   Paragraph 106 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

107.   Paragraph 107 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

## AFFIRMATIVE DEFENSES

Proposed Intervenors assert the following affirmative defenses without accepting any burdens regarding them:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because this Court lacks jurisdiction to adjudicate Plaintiffs' claims.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert their claims.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs claims are barred in whole or in part by the Eleventh Amendment to the U.S. Constitution.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the equitable doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are precluded in whole or in part from bringing these claims.

Proposed Intervenors reserve the right to assert any further defenses that may become evident during the pendency of this matter.

## PROPOSED INTERVENORS' REQUEST FOR RELIEF

Having answered Plaintiffs' complaint, Proposed Intervenors request that the Court:

1.      Deny Plaintiffs are entitled to any relief;

2.     Dismiss Plaintiffs' complaint with prejudice;

3.     Award Proposed Intervenors their costs and attorneys' fees incurred in

defending against Plaintiffs' claims in accordance with 42 U.S.C.

§ 1988; and

4.     Grant such other and further relief as this Court deems just and proper.

Dated: December 11, 2020                    Respectfully submitted,

**Adam M. Sparks**
Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Joyce Gist Lewis
Georgia Bar No. 296261
Susan P. Coppedge
Georgia Bar No. 187251
Adam M. Sparks
Georgia Bar No. 341578
KREVOLIN & HORST, LLC
1201 W. Peachtree Street, NW
Suite 3250, One Atlantic Center
Atlanta, GA 30309
Telephone: (404) 888-9700
Facsimile: (404) 888-9577
hknapp@khlawfirm.com
jlewis@khlawfirm.com
coppedge@khlawfirm.com
sparks@khlawfirm.com

Marc E. Elias*
Amanda R. Callais*
John M. Geise*
Henry J. Brewster*
PERKINS COIE LLP

700 Thirteenth Street NW, Suite 800
Washington, D.C. 20005
Telephone: (202) 654-6200
melias@perkinscoie.com
acallais@perkinscoie.com
jgeise@perkinscoie.com
hbrewster@perkinscoie.com

Laura Hill*
Jonathan P. Hawley*
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Telephone: (206) 359-8000
lhill@perkinscoie.com
jhawley@perkinscoie.com

*Counsel for Proposed Intervenor-
Defendants*
 **Pro Hac Vice Application Forthcoming*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| GEORGIA REPUBLICAN PARTY, INC., NATIONAL REPUBLICAN SENATORIAL COMMITTEE, PERDUE FOR SENATE, and GEORGIANS FOR KELLY LOEFFLER,<br><br>          Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as the Secretary of State of Georgia, REBECCA N. SULLIVAN, in her official capacity as the Vice Chair of the State Election Board, DAVID J WORLEY, MATTHEW MASHBURN, and ANH LE, in their official capacity as Members of the State Election Board,<br><br>          Defendants. | Case No. 1:20-cv-05018-ELR |

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of L.R. 5.1, using font type of Times New Roman and a point size of 14.

Dated: December 11, 2020.

**Adam M. Sparks**
*Counsel for Proposed Intervenor-Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| GEORGIA REPUBLICAN PARTY, INC., NATIONAL REPUBLICAN SENATORIAL COMMITTEE, PERDUE FOR SENATE, and GEORGIANS FOR KELLY LOEFFLER,<br><br>        Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as the Secretary of State of Georgia, REBECCA N. SULLIVAN, in her official capacity as the Vice Chair of the State Election Board, DAVID J WORLEY, MATTHEW MASHBURN, and ANH LE, in their official capacity as Members of the State Election Board,<br><br>        Defendants. | Case No. 1:20-cv-05018-ELR |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 11, 2020, I electronically filed this document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

Dated: December 11, 2020

        **<u>Adam M. Sparks</u>**
        *Counsel for Proposed Intervenor-Defendants*