# Exhibit 5

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

JOHN WOOD

          Petitioner,

    V.

BRAD RAFFENSPERGER, in his
official capacity as Secretary of
State of the State of Georgia, and
BRIAN KEMP, in his official
capacity as Governor of the State
of Georgia

          Respondents.

Civil Action No.:
2020-CV-342959

## FINAL ORDER.

John Wood filed this action on November 25, 2020, to contest the

November 3, 2020, election for President of the United States.  Wood

named as defendants Brad Raffensperger, the Georgia Secretary of

State, and Brian Kemp, the Georgia Governor ("State Defendants").

The Court held a hearing on December 7, 2020.  In attendance were

counsel representing the Petitioner, counsel representing the State

Defendants, and counsel representing the parties attempting to

intervene in the election as Defendant-Intervenors ("Attempted

Intervenors"). The court heard argument from the parties on the oral motion to dismiss raised by the State Defendants, the motion to intervene and motion to dismiss filed by the Attempted Intervenors, and the propriety of and scope of relief sought by the Petitioner. Georgia law does not countenance naming as a defendant either the Governor or the Secretary of State to an election contest filed pursuant to Article 13 of Chapter 2 of Title 21.[1] To the extent that Petitioner seeks equitable relief against the State Defendants, those claims are barred by sovereign immunity. As a result, the petition must be dismissed against the only named defendants. As a result of that dismissal, all other motions before this Court are moot.

In O.C.G.A. § 21-2-520(2), the General Assembly delineated only four categories of persons subject to suit in an election contest under Article 13 of the Election Code:

(A)   the person whose nomination or election is contested;

(B)   the person or persons whose eligibility to seek any nomination or office in a run-off primary or election is contested;

---

[1] Of course, if the election contest concerned the re-election efforts of either the sitting Governor or Secretary of State, they would be a proper defendant under O.C.G.A. § 21-2-520(2)(A).

(C)     the election superintendent or superintendents who conducted the contested primary or election; or

(D)     the public officer who formally declared the number of votes for and against any question submitted to electors at an election.

The State Defendants are not candidates for the office that is the subject of the contest, nor are they eligible for a runoff for the office that is the subject of the contest, so neither (A) nor (B) are applicable. Petitioner has made no argument and brought no contest against either of the two constitutional amendments or the taxation issue put to the voters statewide, which were the only questions submitted to the voters statewide in the November 3, 2020, general election, so (D) is not applicable.

Neither of the State Defendants is an "election superintendent ... who conducted the contested primary or election."  For purposes of Chapter 2 of Title 21, a "superintendent" is defined at O.C.G.A. § 21-2-2(35) as:

(35) "Superintendent" means:

> (A) Either *the judge of the probate court* of a county or *the county board of elections, the county board of elections and registration*, the *joint city-county board of elections*, or the *joint city-county board of elections and registrations*, if a county has such.

3

O.C.G.A. § 21-2-2(35)(A) (emphasis added).  The Code defines

"superintendent" as one of five possible *city* or *county* officials/entities:

1) the judge of the probate court of a county; 2) the county board of

elections; 3) the county board of elections and registrations; 4) the joint

city-county board of elections; and 5) the joint city-county board of

elections and registration.

To the extent that Petitioner has, as his counsel claimed at the

hearing, asserted claims for equitable relief[2] against the State

Defendants beyond the Petition which was brought pursuant to Article

13 of Chapter 2 of Title 21, those claims are barred by sovereign

immunity.  The "sweep of sovereign immunity" under the Georgia

Constitution is "broad." *Olvera v. Univ. Sys. of Ga.'s Bd. of Regents*, 298

Ga. 425, 426 (2016). The Georgia Supreme Court has held that

sovereign immunity applies to public officials sued in their official

capacities because these "are in reality suits against the state." *See Ga.*

---

[2] Counsel for Petitioner, under questioning by the Court, asserted only
equitable claims for relief under the Court's plenary authority.  Such
claims do not overcome the sovereign immunity bar adopted by the
people of Georgia in the state constitution when claims are brought
against the state or its officials.

*Dep't of Natural Resources v. Ctr. for a Sustainable Coast*, 294 Ga. 593,

599 n. 4 (2014) (citing *Cameron v. Lang*, 274 Ga. 122, 126 (2001)).

Petitioner sought only relief here against the State Defendants in their

official capacities, seeking to prohibit official acts already completed,

compel by way of injunction future official acts, and cause declaratory

relief to issue against these officials.

Suits against public officials are permitted only where there is an

explicit waiver of sovereign immunity by the legislature, as stated in

the Georgia Constitution:

> Except as specifically provided in this Paragraph, sovereign
> immunity extends to the state and all of its departments and
> agencies.  The sovereign immunity of the state and its
> departments and agencies can *only be waived by an Act of the
> General Assembly which specifically provides that sovereign
> immunity is thereby waived and the extent of such waiver.*

Ga. Const. Art. I, Sec. II, Par. IX(e) (emphasis added). "Where the

sovereign has sovereign immunity from a cause of action, and has not

waived that immunity, the immunity rises to a constitutional right and

cannot be abrogated by any court." *Ga. Dep't of County Health v. Neal*,

334 Ga. App. 851, 854 (2015); s*ee also Sustainable Coast*, 294 Ga. at 597

("The history of sovereign immunity in our State shows that the 1991

amendment intended to expressly reserve the power to waive sovereign immunity exclusively to the legislature.").

Georgia courts have also made clear that it is the plaintiff's (or Petitioner's) burden to demonstrate the existence of an explicit waiver of sovereign immunity to authorize the suit. *See, e.g., Neal*, 334 Ga. App. at 855 ("It is axiomatic that the party seeking to benefit from the waiver of sovereign immunity bears the burden of proving such waiver."). Thus, in an election contest the petitioner must show the existence of a statute that specifically waives sovereign immunity by authorizing suits against the State Defendants in election contests under Article 13 of the Georgia Election Code. Petitioner cannot make such a showing here because the Georgia Election Code does not contain a waiver of sovereign immunity against the State Defendants within Article 13.

The plain language of the Georgia Election Code thus makes clear that the State Defendants are not proper defendants in an election contest. Additionally, the General Assembly has not waived sovereign immunity to either authorize election contest claims to be brought against the State Defendants or to cause relief to issue against them in

an action of this type.  Therefore, the claims against the State

Defendants must be dismissed.  With the dismissal of the State

Defendants, there remains no cause of action remaining against any

party for the Court to grant intervention into, nor is there a party

remaining against whom Petitioner can gain relief.

Accordingly, for the forgoing reasons the motion to dismiss by the

State Defendants is **GRANTED** and Petitioner's election contest is

**DISMISSED**.  In light of this, all other motions are moot, and therefore,

**DENIED**.

This 8th day of December, 2020.

_____
Judge Jane C. Barwick
Fulton County Superior Court
Atlanta Judicial Circuit

Prepared by:
/s/ Russell D. Willard
Russell D. Willard
40 Capitol Square, SW
Atlanta, Georgia 30334
Telephone: (404) 656-3300
Facsimile: (404) 657-9932
Email: rwillard@law.ga.gov