UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **GEORGIA REPUBLICAN PARTY, INC., NATIONAL REPUBLICAN SENATORIAL COMMITTEE, PERDUE FOR SENATE, and GEORGIANS FOR KELLY LOEFFLER,**<br><br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, in his official capacity as the Secretary of State of Georgia, REBECCA N. SULLIVAN, in her official capacity as the Vice Chair of the State Election Board, DAVID J WORLEY, MATTHEW MASHBURN, and ANH LE, in their official capacity as Members of the State Election Board,**<br><br>Defendants. | Case No. 1:20-CV-05018-ELR<br><br>**EMERGENCY MOTION FOR INJUNCTION UNDER FED. R. CIV. P. 62** |

**PLAINTIFFS' EMERGENCY
MOTION FOR INJUNCTION PENDING APPEAL
AND MEMORANDUM IN SUPPORT**

Pursuant to Fed. R. Civ. P. 62, and Local Rule 7.2(B), Plaintiffs ask this Court to order that no absentee ballots cast in the 2021 special runoff election for Georgia's U.S. Senate seats be opened pending the adjudication of Plaintiffs' expedited appeal of the Court's Oral Order of December 17, 2020. Without this temporary relief,

absentee ballots will be opened beginning on Monday, December 21, 2020, and any ballots with invalid signatures will be irrevocably subject to the unconstitutional procedures that Plaintiffs' complaint seeks to address.

Plaintiffs are likely to succeed on the merits of their appeal. Plaintiffs have standing based on voter dilution, which the Eleventh Circuit has explicitly recognized as a valid basis. *See Wood v. Raffensperger*, __ F.3d __, 2020 WL 7094866 (11th Cir. Dec. 5, 2020). In the same case, the Eleventh Circuit also recognized that candidates, like Senators Loeffler and Perdue, have standing to redress harm to their competitive interests. Finally, the undisputed record evidence demonstrates that Plaintiffs have diverted resources to address the unlawful counting of ballots, which provides yet another basis for standing. *See Jacobson v. Florida Sec'y of State*, 974 F.3d 1236, 1250 (11th Cir. 2020); *Martin v. Kemp*, 341 F. Supp. 3d 1326, 1333 (N.D. Ga. 2018). Thus, Plaintiffs are likely to succeed on appeal.

If the Court declines to grant the injunction sought, Plaintiffs will suffer irreparable injury when election officials begin separating ballots from their corresponding signatures on Monday. Defendants, on the other hand, will not be harmed if the Court orders absentee ballots to temporarily remain sealed while Plaintiffs' expedited appeal is heard. Nor would this injunction adversely affect the public interest, as the absentee ballots will still be counted—likely within the

-3-

remaining period for early voting. For these reasons, the Court should grant the injunction pending Plaintiffs' expedited appeal.

December 18, 2020

By: /s/ Peter N. Farley
Peter N. Farley (GA Bar No. 255165)
1230 Peachtree Street, N.E.
Promenade, Suite 2100
Atlanta, GA 30309-3534
Tel: 404-443-5500
Fax: 404-443-5599
pfarley@mcguirewoods.com

George J. Terwilliger*
Michael Francisco*
Brooks H. Spears*
2001 K Street N.W., Suite 400
Washington, DC 20006
Tel: 202-857-1700
Fax: 202-857-1737
gterwilliger@mcguirewoods.com
mfrancisco@mcguirewoods.com
bspears@mcguirewoods.com

Richard Cullen*
800 East Canal Street
Richmond, VA 23219-3916
Tel: 804-775-1000
Fax: 804-775-1061
rcullen@mcguirewoods.com

*Counsel for Plaintiffs*

**Admitted Pro Hac Vice*

-4-

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Emergency Motion for Injunction Pending Appeal and Memorandum in Support has been prepared in accordance with the font type and margin requirements of L.R. 5.1, NDGa, using font type of Times New Roman and a point size of 14.

Dated: December 18, 2020

*Counsel for Plaintiffs*

*/s/ Peter N. Farley*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused the foregoing in the above-captioned matter to be filed with the United States District Court for the Northern District of Georgia, Atlanta Division, via the Court's CM-ECF system

Dated: December 18, 2020

*Counsel for Plaintiffs*

*/s/ Peter N. Farley*