# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

December 20, 2020

Richard Cullen
McGuireWoods, LLP
GATEWAY PLAZA
800 E CANAL ST
RICHMOND, VA 23219

Peter N. Farley
McGuireWoods, LLP
1230 PEACHTREE ST NE STE 2100
ATLANTA, GA 30309

Michael Lee Francisco
McGuireWoods, LLP
2001 K ST NW STE 400
WASHINGTON, DC 20006

Brooks Holton Spears
McGuire Woods, LLP
1750 TYSONS BLVD STE 1800
TYSONS CORNER, VA 22102-4215

George J. Terwilliger III
McGuireWoods, LLP
2001 K ST NW STE 400
WASHINGTON, DC 20006

Appeal Number: 20-14741-RR
Case Style: Georgia Republican Party, Inc., et al v. Secretary of State of GA, et al
District Court Docket No: 1:20-cv-05018-ELR

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.**

The enclosed order has been ENTERED.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Regina A. Veals-Gillis, RR/DSY
Phone #: (404) 335-6163

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14741-RR
_____

GEORGIA REPUBLICAN PARTY, INC.,
NATIONAL REPUBLICAN SENATORIAL COMMITTEE,
PERDUE FOR SENATE,
GEORGIANS FOR KELLY LOEFFLER,

                                                Plaintiffs - Appellants,

versus

SECRETARY OF STATE FOR THE STATE OF GEORGIA,
in his official capacity,
REBECCA N. SULLIVAN,
in her official capacity as the Vice Chair of
the State Election Board,
DAVID J. WORLEY,
MATTHEW MASHBURN,
ANH LE,
in their official capacity as Members of the
State Election Board,

                                                Defendants - Appellees,

DEMOCRATIC PARTY OF GEORGIA,
DSCC,

                                                Intervenor Defendants - Appellees.

_____

On Appeal from the United States
District Court for the Northern District of Georgia
_____

(December 20, 2020)

Before: WILSON, MARTIN, and LUCK, Circuit Judges.

BY THE COURT:

Plaintiffs-Appellants Georgia Republican Party, Inc., National Republican Senatorial Committee, Perdue for Senate, and Georgians for Kelly Loeffler (collectively, the "Campaigns") filed a motion in this court for an emergency stay or injunction pending appeal. The motion is opposed by the Georgia Secretary of State and other Georgia election officials (collectively, the "State").

I.

On Thursday, December 10, 2020, the Campaigns filed a complaint against the State regarding Georgia's processing of absentee ballots for the January 5, 2021, U.S. Senate runoff elections. The complaint concerns the signature-matching process for absentee ballots—the product of a previous settlement agreement reached in an earlier lawsuit. The Campaigns brought three claims for relief. First, they brought claims under the First and Fourteenth Amendments for undue burden on their voting and associational rights. The Campaigns alleged that certain counties have a "disproportionately and unprecedentedly low number of absentee

2

ballots that are rejected," which they say may be a result of their signature-matching process. They claim this leads to absentee ballots that should be rejected being counted, resulting in the dilution of valid votes. Second, the Campaigns alleged due process violations under the Fourteenth Amendment. They claim that Georgia's signature-matching procedure is arbitrary and applied unequally, which will deprive the Campaigns of their right to vote without due process of law. And third, the Campaigns pled a Fourteenth Amendment equal protection violation, alleging that some counties have implemented the signature-matching procedure inconsistently.

The Campaigns also filed a motion for an injunction, asking the district court to direct: "(1) Georgia election officials to conduct a meaningful signature matching process; (2) that three election officials review the voter's signature on the absentee ballot to ensure that it matches the voter's reference signature . . . ; and (3) require that observers from the parties participating in the election be permitted to view the signature matching process . . . ."

Finding that the Campaigns lacked standing, the district court denied their motion for an injunction and dismissed their complaint. The Campaigns then appealed, filing an emergency motion to expedite and a motion for stay or injunction. The Campaigns' emergency motion to expedite is GRANTED, and we now address the motion for stay or injunction.

II.

A party seeking an emergency stay or injunction pending appeal must: (1) make a "strong showing that he is likely to succeed on the merits"; (2) show that they "will be irreparably injured absent a stay"; (3) show that a stay will not substantially injure the other parties interested in the proceeding; and (4) demonstrate that the public interest favors a stay. *Nken v. Holder*, 556 U.S. 418, 434, 129 S. Ct. 1749, 1761 (2009); *see also Touchston v. McDermott*, 234 F.3d 1130, 1132 (11th Cir. 2000) (en banc) (per curiam) (applying the same factors for injunction pending appeal).

A plaintiff must have standing to bring suit in federal court. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, a plaintiff must satisfy three elements: injury in fact, causation, and redressability. *Id.* at 560–61. The resolution of this case turns on traceability and redressability.

III.

We recently addressed traceability and redressability in the election-law context in *Jacobson v. Florida Secretary of State*, 974 F.3d 1236 (11th Cir. 2020). In *Jacobson*, we considered Florida statutes that delegated the county supervisors of elections the responsibility of printing ballots and putting the names of candidates in their proper places as required by law. *Id.* at 1253. The Secretary of State had the duty of giving the list of nominated candidates to the supervisor, but

otherwise had no authority over the placement of the candidates' names. *Id.* The plaintiffs—Democratic voters and organizations—sued the Secretary of State, alleging injury because Republican candidates appeared first on Florida election ballots. *Id.* But because an injury must be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party," *Lujan*, 504 U.S. at 560, we found that any injury from ballot name order could not be traced to the Secretary. *Jacobson*, 974 F.3d at 1269. That is, because the Secretary could not decide the order that candidates were listed on the ballots, he could not redress the plaintiffs' alleged injury. *Id.* Only the supervisors, independent actors who were not subject to the Secretary's control and not parties to the lawsuit, maintained such authority. *Id.* Therefore, the plaintiffs did not have standing to bring their claims. *Id.*

Here, as in *Jacobson*, the Campaigns did not sufficiently allege a redressable injury to establish standing. Like in *Jacobson*, the Campaigns sued the Secretary of State. They alleged that the Secretary is the state's chief election officer, that he has the authority and responsibility to manage Georgia's electoral system, and that he, along with the election board members, has the duty to promulgate rules and regulations to obtain uniformity in the practices of election officials and to ensure a fair, legal, and orderly conduction of elections. But, just as in *Jacobson*, the absentee ballot statute puts the duty to "compare the signature" and accept or reject

5

a ballot on the "registrar or clerk"—not the Secretary of State.

Other than being the chief election officer responsible for election laws, there is no allegation that the Secretary controls the local supervisors or has control over the signature verification process. While the Secretary has rulemaking authority, as in *Jacobson*, this power is limited to rules and regulations that are "consistent with law." O.C.G.A. § 21-2-31(2). And the law gives the authority to conduct the signature-verification process to local supervisors, not the Secretary. *Id*. § 21-2-386(a)(1)(B).

The Campaigns' motion for injunction asks us to do what we said could not be done in *Jacobson*: order a nonparty county official to do something contrary to state law.  Since the Secretary and the election board do not conduct the signature matching process, are not the election officials that review the voter's signature, and do not control whether the signature matching process can be observed, the Campaigns' alleged injury is not traceable to the Secretary. And the Secretary does not have the authority to redress it. Further, to the extent the requested injunction sought to enjoin parties other than the Secretary and election board, that would exceed our authority because these other parties were not before the district court and are not before us.

## IV.

The Campaigns have failed to make a strong showing that they have

standing to bring their constitutional claims because they have failed to demonstrate that any alleged injury is traceable to, and redressable by, the State. Accordingly, the Campaigns' emergency motion for a stay or injunction pending appeal is DENIED.